UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EARL HEGLER,** *et al.*, | : | Case No. 1:04CV2060 |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **ORDER** |
| **EQUICREDIT CORP. OF OHIO,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter arises on Defendant CBSK Financial Group, Inc. d/b/a American Home Loan's ("AHL") *Motion for Judgment on the Pleadings* (Doc. 7). AHL's motion was filed on March 15, 2005, and remains unopposed to date. Accordingly, the Court takes this matter under advisement in the absence of any opposition by the Plaintiffs.

For the following reasons, and especially in light of the Plaintiffs' acquiescence, AHL's *Motion for Judgment on the Pleadings* (Doc. 7) is GRANTED in part.

**I.     FACTUAL BACKGROUND**

The facts relevant to AHL's motion are as follows, and flow directly from the Plaintiffs' Complaint (Doc. 1) and/or AHL's Answer (Doc. 3). AHL is a mortgage broker. AHL brokered a refinance loan

("the loan") in connection with Plaintiffs' home, which is located at 4441 E. 131st St., Garfield Heights, Ohio 44105. Defendant Equicredit Corporation of Ohio ("Equicredit") is the lender on the loan.

All of the events alleged in the Complaint relevant to Plaintiffs' claims against AHL took place on or before the day the loan closed, April 7, 2000. Plaintiffs filed this action on July 14, 2004 – over four years and three months after the April 7, 2000 closing date of the loan.

## II.    DISCUSSION

AHL's motion argues that all but one of the Plaintiff's claims (i.e., Counts 1-9 and 11) are barred by the various applicable statutes of limitations. As to the excluded claim, breach of contract (i.e., Count 10), AHL argues that Plaintiffs have failed to state a valid claim, thereby warranting dismissal of that claim as well.

### A.    Legal Standard

Federal Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c). *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). "Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, [the Court] must apply the standard for a Rule 12(b)(6) motion." *Id.* A motion to dismiss based on statute of limitations is equivalent to a motion to dismiss for failure to state a claim upon which relief can be granted, and must, therefore, be decided under the same standard as any other Rule 12(b)(6) motion. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

Thus, "[i]n considering [a Rule 12(c)] motion, the [C]ourt must accept all the factual allegations of the complaint as true." *Paskvan v. City of Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1235 (6th

2

Cir. 1991) (citing *Beal v. Missouri Pac. R.R.,* 312 U.S. 45, 51 (1941)). Taking the a plaintiffs' well-pleaded factual allegations as true, "if it appears beyond doubt that [they] . . . can prove no set of facts in support of [their] claims that would entitle [them] to relief, then . . . dismissal is proper." *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996).

**B.  Analysis**

**1.  Counts One, Three and Four.**

Count 1 asserts a claim under Ohio Revised Code §§ 1345.26(A)(1), (2)(C), (D)(1) and (2). These subsections, however, <u>do not exist</u> and, therefore, cannot form the basis of a well pleaded claim.[1] This alone warrants dismissal of Count 1. Further, and as noted in AHL's motion, § 1345.26 falls within the Ohio Home Solicitation Sales Act ("Home Solicitation Act"), which applies only to the sales of goods and services at a consumer's home. Under the facts pleaded in the Complaint, the Home Solicitation Act is clearly inapplicable to the transaction at issue in this case. In any event, AHL's unopposed argument that the Home Solicitation Act is part of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. §§ 1345.01 *et seq.*, and therefore subject to the CSPA's two-year statute of limitations, appears to be valid. *See* R.C. § 1345(C). Because Plaintiffs brought this claim over four years after the closing date of the loan – which is the latest possible date on which a violation could have occurred – this claim is time-barred.

Similarly, Counts 3 and 4 arise under the CSPA, specifically §§ 1345.03(B)(1) and 1345.09(D), and are subject to the two-year statute of limitations period. Accordingly, they too are time-barred.

---

[1]  Though Plaintiffs may have simply referenced the wrong statute, the Court will not speculate as to what they are attempting to allege. This is especially appropriate in light of the Plaintiffs' failure to oppose AHL's motion.

3

### 2. Count Two

Count 2 alleges a claim under the Ohio Mortgage Brokers Act ("OMBA"), specifically R.C. §§ 1322.071 (B)(2) and (3), which restricts mortgage brokers from accepting superfluous, kickback or referral fees. The OMBA does not contain a statute of limitations. AHL argues that, because the OMBA merely codifies certain common law claims R.C. § 2305.11's one-year statute of limitations applies.

In *Carver v. Discount Funding Associates, Inc.*, 2004 WL 2827229 (Com. Pl. 2004), the defendants similarly argued that the one-year statute of limitations in R.C. § 2305.11 should apply to the OMBA. The court determined, however, that the civil remedy provided by the OMBA (*see* R.C. §1322.11) was remedial and not penal or an act of forfeiture. *Id* at *2. The Court concluded, therefore, that R.C. § 2305.07, which governs "liability created by statute other than a forfeiture or penalty," and which has a six-year statute of limitations, applied. *Id* at *3. Despite the Plaintiffs' apparent indifference to AHL's attack, *Carver* appears to prevent application of a one-year limitations period. Accordingly, and because § 2305.07's six-year limitations period likely applies, the Court cannot dismiss Count 2 on statute of limitations grounds.

### 3. Count Six

Count 6 contains a number of unrelated allegations. In sum, it is indiscernible. In ¶ 58, Plaintiffs again allege violations of § 1345.26, which as discussed earlier, is inapplicable. In ¶ 59, Plaintiffs appear to allege fraud, albeit without the detail needed to support such an allegation. In ¶ 60, however, they allege OMBA violations that appear unrelated to fraud. In so far as this count fails to *articulate* any claim and Plaintiffs have failed to either respond to the Motion for Judgment on the Pleadings or seek to amend their Complaint, this claim must be dismissed.

### 4. Counts Five, Seven, Eight and Eleven.

Counts 5, 7, 8 and 11, allege negligent misrepresentation, breach of fiduciary duty and/or fraud.[2] These are all torts governed by a four-year statute of limitations. *See* R.C. § 2305.09. Because Plaintiffs brought these claims over four years after the closing date of the loan – which is the latest possible date on which a violation could have occurred – this claim is time-barred.

### 5. Count Nine.

Count 9 alleges that the Defendants engaged in a civil conspiracy, as defined by R.C. § 2923.31(E). As AHL accurately notes, however, a civil conspiracy claim cannot stand in the absence of valid underlying torts. *See Bowshier v. Chrysler Financial Corp.*, 144 F. Supp. 2d 919, 934-45 (S.D. Ohio 2001). Because the purported underlying torts (i.e., fraud, misrepresentation and/or breach of fiduciary duty) are time-barred, a claim of civil conspiracy can not lie and this claim must be dismissed.

### 6. Count Ten.

Count 10 alleges that, "based on the terms of the written agreement, [Defendants] were contractually obligated to provide a statutorily legal loan . . . ." *See* Doc. 1 at ¶ 81. AHL argues that the loan agreement contains no such term, and further asserts that the Plaintiffs are attempting to "bootstrap a fraudulent inducement claim . . . into a breach of contract claim." AHL's unopposed argument appears valid on its face. Accordingly, Plaintiff's breach of contract claim should also be dismissed.

### III. CONCLUSION

---

[2] Though AHL's motion characterizes Count 8 as a conspiracy claim, that count may also be characterized as a pure fraud / breach of fiduciary duty claim. In so far as the count's characterization as either conspiracy or fraud / breach of fiduciary duty is inconsequential to its ultimate dismissal, however, it is unnecessary for the Court to elaborate on the matter further.

For the foregoing reasons, and especially in light of the Plaintiffs' acquiescence, AHL's *Motion for Judgment on the Pleadings* (Doc. 7) is **GRANTED** in part and **DENIED** in part**.** Plaintiffs' claims against AHL, except for Count 2, are, therefore, **DISMISSED**.

**IT IS SO ORDERED.**

>                s/Kathleen M. O'Malley
> **KATHLEEN McDONALD O'MALLEY**
> **UNITED STATES DISTRICT JUDGE**

**Dated: June 30, 2005**